IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARGARET JOANN NEFF, | : | |
| Individually and on behalf of | | Case No. 2:10 CV 948 |
| all others similarly situated, | : | |
| 7424 Township Road 62 | | |
| Caledonia, Ohio 43314 | : | COLLECTIVE ACTION |
| | | |
| Plaintiffs, | : | |
| - vs - | | Judge George C. Smith |
| | : | Magistrate Mark R. Abel |
| U.S. XPRESS ENTERPRISES, INC. | | |
| 4080 Jenkins Road | : | |
| Chattanooga, Tennessee 37421 | | |
| | : | |
| Defendant. | | |

**FIRST AMENDED COLLECTIVE ACTION COMPLAINT FOR
DECLARATORY JUDGEMENT
AND COMPENSATION UNDER 29 U.S.C §§ 201, *ET SEQ*.,
AND
CLASS ACTION COMPLAINT UNDER O.R.C CHAPTER 4111, ET SEQ.**

Plaintiff, on behalf of herself and all similarly situated individuals, brings this collective and class action against U.S. Xpress Enterprises, Inc. for monetary, declaratory, and injunctive relief due to Defendants' willful failure to compensate its employees with overtime pay in violation of the Federal Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq*. and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.01, *et seq*., committed by intentionally failing to pay full-time, salaried, non-exempt employees (but wrongly classified by U.S. Xpress Enterprises, Inc. as salaried and exempt) overtime pay as required by law and by intentionally failing to fully pay the time and a half rate to hourly rate employees for hours worked over forty hours in each work week.

- 2 -

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 (federal question) and § 1337(a) (statutory regulation of commerce) and 29 U.S.C. § 216(b).

2. This court has supplemental jurisdiction over Plaintiff's OMFWSA claim pursuant to 28 U.S.C. § 1367 for those claims authorized under Ohio Revised Code Chapter 4111 (R.C. 4111.03 and 4111.10).

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 (b) and Rule 82.1(b) of the Southern District of Ohio Rules of Civil Procedure because Plaintiff and all similarly situated individuals performed nearly all of their jobs duties for Defendant in counties located in the Eastern District and because Defendants conducted substantial business in this district at all times relevant to the actions giving rise to this complaint.

## PARTIES

4. Plaintiff Margaret J. Neff (hereinafter "Plaintiff Neff") is an individual residing at 7424 Township Road 62, Caledonia, Ohio 43314. During all times relevant to this Complaint, she was a citizen and resident of Morrow County, Ohio.

5. The named Plaintiff brings this collective and class action on her own behalf and on behalf of those similarly situated by virtue of Defendant's intentional mischaracterization of its employees as exempt from federal and Ohio overtime pay requirements and their failure to properly pay overtime as required by law.

6. Plaintiff Neff's "Consent to Sue" is attached to this Complaint as Exhibit A.

7. Upon information and belief, Defendant U.S. Xpress Enterprises, Inc. is a foreign corporation authorized to and doing business in the state of Ohio. It has its headquarters in Chattanooga, Tennessee.

8. Upon information and belief, Defendant U.S. Xpress Enterprises, Inc. is a foreign corporation authorized to and doing business in the state of Ohio. It has its headquarters in Chattanooga, Tennessee.

9. Defendant U.S. Xpress Enterprises, Inc. provides transportation and logistics services to a wide range of public groups and private entities and/or individuals.

10. At all times material to this Complaint, Defendant U.S. Xpress Enterprises, Inc. provided its services throughout the State of Ohio.

11. At all times material to this Complaint, Defendant U.S. Xpress Enterprises, Inc. was an "employer" and "enterprise regularly engaged in interstate commerce" as defined by the FLSA, 29 U.S.C. § 201, *et seq.* and R.C. 4111.01(C), *et seq.*, with more than 100 employees at its offices statewide.

12. At all times material to this Complaint, U.S. Xpress Enterprises, Inc. grossed more than $500,000 and at least $150,000 in all relevant years.

## BACKGROUND

13. Plaintiff Neff was an employee of Defendant U.S. Xpress Enterprises, Inc. and worked from Defendant's Delaware, Ohio location at all relevant times.

14. Plaintiff Neff represents herself and all similarly situated individuals, both current and former U.S. Xpress Enterprises, Inc. employees, who were not paid overtime despite working greater than 40 hours in a work week in a non-exempt job position.

15. The similarly situated individuals include U.S. Xpress Enterprises, Inc. employees hired as salaried and exempt and not paid any amount of wages for overtime

hours despite their performance of non-exempt duties such as Plaintiff Neff and an as yet undetermined number of salaried employees.

16. All the represented plaintiffs are similarly situated to Plaintiff Neff in that U.S. Xpress Enterprises, Inc. improperly failed to pay overtime rates to each based on a false and unsupported belief that U.S. Xpress Enterprises, Inc. did not have to pay overtime due to its status and/or a false and unsupported belief that U.S. Xpress Enterprises, Inc. could not afford to pay overtime. Plaintiff Neff and all similarly situated individuals will claim the absence of a duties' exemption from overtime laws.

17. Defendant U.S. Xpress Enterprises', Inc. revenue streams in the past relevant years have not allowed it to claim an overtime exemption under Section 13(a)(3) of the Fair Labor Standards Act.

18. Defendant U.S. Xpress Enterprises, Inc. operated in each of the twelve months of the year immediately prior to the filing of this complaint.

19. At least some of the Individuals similarly situated to Plaintiff Neff were or are labeled "part time" by U.S. Xpress Enterprises, Inc., but actually worked in excess of 40 hours during work weeks while employed with U.S. Xpress.

20. U.S. Xpress Enterprises, Inc. employee designation labels are irrelevant to identifying the similarly situated employees for collective action purposes in the Complaint.

21. U.S. Xpress Enterprises, Inc. employee designation labels evidence willful attempt to evade the overtime payment requirements of the applicable state and federal laws.

22. At all times relevant Plaintiff Neff worked as an employee of Defendant U.S. Xpress Enterprises, Inc.

23. Plaintiff Neff accepted the U.S. Xpress Enterprises, Inc. job based on the understanding that her "typical work week" would consist of 40 hours of an annual salary of $45,000.

24. Plaintiff Neff was primarily employed as an Account Manager. Her job responsibilities primarily consisted of organizing and coordinating the transportation of freight U.S. Xpress Enterprises, Inc. was contractually obligated to move throughout the State of Ohio and the United States at large.

25. Plaintiff Neff did not spend the primary amount of her time managing employees.

26. Plaintiff Neff did not have nor did she exercise executive or administrative authority consistent with an overtime payment exemption.

27. Plaintiff Neff's designation as "salaried exempt" was in willful disregard to the federal and state wage laws that apply to her employment with U.S. Xpress Enterprises, Inc.

28. Defendant U.S. Xpress paid Plaintiff Neff a set salary and failed to pay her overtime wages when she worked more than forty hours in a work week.

29. Plaintiff Neff received $3,750.00 approximately per month during the period of her employment with U.S. Xpress Enterprises, Inc. This correlates to a payment of $23.44 per hour using a 40 hour work week. It also correlates to an overtime rate of $35.16 per hour.

30. Plaintiff Neff and the other similarly situated salaried employees who were not truly exempt from overtime requirements were never required to keep hourly time records by Defendant U.S. Xpress Enterprises, Inc.

31. Upon information and belief, Defendant U.S. Xpress Enterprises, Inc. failed to keep accurate time records concerning the work time Plaintiff Neff performed for it on a weekly or any other basis.

32. Plaintiff Neff and individuals similarly situated in all material respects regularly worked hours in excess of 40 hours in a work week.

33. Defendant knew or should have known that Plaintiff Neff and individuals similarly situated in all material respects regularly worked hours in excess of 40 hours in a work week.

34. Plaintiff Neff and individuals similarly situated in all material respects worked during the 45 minute "lunch breaks" on a very regular basis and basically never received more than very short period (under 15 minutes) of full relief from duties during many work days.

35. Plaintiff Neff and individuals similarly situated in all material respects were, on a regular basis, never fully relieved of duties during any lunch break, even when at the office location where work and work schedule issues were regularly discussed with U.S. Xpress Enterprises, Inc. employees as they ate their lunch meal.

36. Plaintiff Neff and individuals similarly situated in all material respects who did track their hours for hourly rate payments from U.S. Xpress Enterprises, Inc. were not permitted to receive credit and payment for hours worked during these lunch breaks.

37. Defendant U.S. Xpress Enterprises, Inc. failed to pay Plaintiff Neff and individuals similarly situated in all material respects overtime compensation at the rate of time and one-half for all hours worked over 40 in a week.

38. Defendant's failure to pay Plaintiff Neff and individuals similarly situated in all material aspects the proper wages was willful and intentional.

## COLLECTIVE ACTION AND CLASS ALLEGATIONS

39. Plaintiff Neff brings this action on behalf of herself and all others similarly situated as a collective action for unpaid wages and overtime under the FLSA, 29 U.S.C. § 216(b).

40. The collective class, or Opt-In Class, which Plaintiff Neff seeks to represent is composed of and defined as follows ("Collective Class"):

> Any and all account supervisors and/or account managers employed by Defendant U.S. Xpress Enterprises, Inc. working from either dedicated client sites or U.S. Xpress Enterprises, Inc. locations from October 20, 2007 to the present and/or any and all employees employed during the relevant time period who held the same job duties as Ms. Neff (i.e., obtaining load information, assigning drivers to transport loads, tracking loads and inputting information into specific operating systems) and were paid as exempt employees under the FLSA.

41. Plaintiff Neff brings her OMWA claims pursuant to Federal Rule of Civil Procedure 23 as a class action under Ohio law on behalf of the following class ("Rule 23 Class"):

> Any and all account supervisors and/or account managers employed by Defendant U.S. Xpress Enterprises, Inc. working from either dedicated client sites or U.S. Xpress Enterprises, Inc. locations from October 20, 2007 to the present and/or any and all employees employed during the relevant time period who held the same job duties as Ms. Neff (i.e., obtaining load information, assigning drivers to transport loads, tracking loads and inputting information into specific operating systems) and were paid as exempt employees under the FLSA.

- 7 -

42. The Collective Class and the Rule 23 Class, collectively, as defined above, area so numerous that joinder of all members is impracticable.

43. Plaintiff Neff is a member of the Collective Class and the Rule 23 Class, and her claims are typical of the claims of the members of the Collective Class and the Rule 23 Class as defined; indeed, apart from the specific number of hours worked and amount of compensation due, Plaintiff Neff is similarly situated in all material respects, including nature of job tasks, skills, job performance and the policies and practices of Defendant U.S. Xpress Enterprises, Inc. in securing, assigning, monitoring, and compensating employees.

44. Plaintiff Neff will fairly and adequately represent the Collective Class and the Rule 23 Class and the interests of all members of the Collective Class and the Rule 23 Class.

45. Plaintiff Neff has no interest that is antagonistic to or in conflict with those interests that she has undertaken to represent of the Collective Class and the Rule 23 Class as the Class Representative; instead, her interests perfectly coincide with those of individuals similarly situated in all material respects.

46. Plaintiff Neff has retained competent and experience class action counsel who are able to effectively represent the interests of the entire Collective Class and the Rule 23 Class.

47. Questions of law and fact that are common to the Collective Class and the Rule 23 Class predominate over any individual questions, specifically whether Defendant U.S. Xpress were entitled to any exemption from the FLSA or OMFWSA overtime payment laws for employees who were not exempt from those laws.

48. In both the Collective Class and the Rule 23 Class, there is a community of interest among the class members in obtaining appropriate declaratory and injunctive relief, damages and compensation for costs and fees incurred herein.

49. A collective action for the federal overtime claim and a Rule 23 class action for the Ohio overtime claim are superior to other litigation methods (including individual litigation) for the fair and efficient adjudication of Plaintiff Neff's and similarly situated individuals' claims as presented by this Complaint and will prevent undue financial, administrative and procedural burdens on the parties and the Court.

50. Plaintiff Neff and her counsel are not aware of any pending Ohio litigation on behalf of the Collective Class and the Rule 23 Class, as defined herein or individual Class members related to these claims.

51. Because the damages sustained by individual members of the Class are modest compared to the substantial resources of Defendant and due to the costs of individual litigation, it will be impracticable for Class members to pursue individual litigation against Defendant in order to vindicate their rights, and individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to its employees.

52. Plaintiff Neff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a Collective Class or a Rule 23 Class.

## FIRST CAUSE OF ACTION:
## (Fair Labor Standards Act)

53. Plaintiff Neff and all similarly situated individuals reincorporate and reallege, as if fully rewritten herein, the allegations contained in paragraph 1 through 52 of the Complaint.

54. Defendant failed to pay overtime wages to Plaintiff Neff and all similarly situated individuals in violation of the Fair Labor Standards Act, 29 U.S.C. § 207, *et seq.*, and its implementing regulations.

55. Defendant's failure to pay proper wages to Plaintiff Neff and all similarly situated individuals for each hour worked over 40 per week was willful within the meaning of the FLSA and with reckless disregard of clearly applicable FLSA provisions.

56. As a direct and proximate result of Defendant's failure to comply with the FLSA overtime protections, Plaintiff Neff and all similarly situated individuals suffered a loss of wages and interest thereon as well as sustaining the costs and attorney fees affiliated with this action.

## SECOND CAUSE OF ACTION
## (Ohio Minimum Fair Wage Standards Act Violation)

57. Plaintiff Neff and all similarly situated individuals reincorporate and reallege, as if fully rewritten herein, the allegations contained in paragraphs 1 through 56 of the Complaint.

58. Defendant failed to pay overtime wages to Plaintiff Neff and all similarly situated individuals in violation of the Ohio Minimum Fair Wage Standards Act, R.C. 4111.01, *et seq*.

59. Defendant's failure to pay proper wages to Plaintiff Neff and all similarly situated individuals for each hour worked over 40 per week was willful within the meaning of the OMFWSA and in reckless disregard of applicable law.

60. As a direct and proximate result of Defendant's failure to comply with the state law overtime protections, Plaintiff Neff and all similarly situated individuals suffered a loss of wages and interest thereon as well as sustaining the costs and attorney fees affiliated with this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Neff, on behalf of herself and all similarly situated individuals, is entitled to and prays for the following relief:

A. An order permitting this litigation to proceed as a representative action and a class action and requiring Defendant to provided Plaintiff Neff and this Court with the names and last known addresses of all similarly situated employees from the past three years from date of this lawsuit;

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), to all collective action calls members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. An injunction prohibiting Defendant from engaging in future overtime violations;

D. With respect to Plaintiff Neff and each Class Member, compensatory damages in an amount equal to the difference between the time-and-a-half payments required under the FLSA and the OMFWSA and the amount of compensation actually paid by Defendant U.S. Xpress Enterprises, Inc..

E. Liquidated damages to the fullest extent permitted under federal and state law;

- 12 -

    F.    Costs and attorneys' fees to the fullest extent permitted under federal and state law.

        Respectfully submitted,

        /s/ Beth J. Nacht
        Lance Chapin  (0069473)
        E-mail:  lchapin@steinchapin.com
        Beth J. Nacht   (0076290)
        E-mail:    bnacht@steinchapin.com
        Stein Chapin & Associates, LLC
        32 West Hoster Street, Suite 200
        Columbus, Ohio  43215
        Telephone:     614.221.9100
        Facsimile:     614.221.9272

        Attorneys for Plaintiffs
        Margaret Joann Neff, *et al.*

## JURY TRIAL DEMAND

Plaintiffs demand trial by jury on all issues.

        /s/ Beth J. Nacht
        Beth J. Nacht (0076290)

## **CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing has been filed via the electronic filing system on April 8, 2011.  Notice of filing will be performed by the Court's electronic filing system, and Parties may access the document through the electronic filing system.


/s/ Beth J. Nacht
Beth J. Nacht  (0076290)