IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Margaret Joann Neff, on behalf of herself and others similarly situated, | : | |
| | : | Civil Action 2:10-cv-00948 |
| Plaintiffs | : | Judge Smith |
| v. | : | Magistrate Judge Abel |
| U.S. Xpress, Inc., | : | |
| Defendant | | |

## Report and Recommendation

Plaintiff Margaret Joann Neff brings this action on behalf of herself and others similarly situated asserting violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Ohio Minimum Fair Wage Standards Act ("Ohio Wage Act"), Ohio Rev. Code § 4111, *et seq.* This matter is before the Magistrate Judge on plaintiff's September 16, 2011 renewed motion for conditional class certification (doc. 43).

Defendant U.S. Xpress, Inc. provides transportation and logistics services to customers throughout the United States. It has employed hundreds of individuals as Account Managers, Assistant Account Managers and Account Supervisors to provide logistical support. Plaintiff Neff was employed by U.S. Xpress from January 26, 2009 until January 28, 2010 as an Account Supervisor assigned to its Kroger dedicated account at a distribution center in Delaware, Ohio. She seeks conditional certification of

a national class of all Account Managers, Assistant Account Managers and Account Supervisors.

## I. Allegations in the Amended Complaint

The amended complaint asserts that defendant U.S Xpress, Inc. ("U.S. Express") intentionally mischaracterized its employee's work as exempt from federal and Ohio overtime pay requirements and failed to pay overtime as required by law. Plaintiff Neff was employed by defendant at its Delaware, Ohio location. Neff represents herself and all similarly situated individuals both current and former U.S. Xpress employees who were not paid overtime despite working greater than 40 hours in a work week in a non-exempt job position. The complaint asserts that the similarly situated employees were hired as salaried and exempt despite their performance of non-exempt duties.

The complaint alleges that the U.S. Express's employee designation labels are irrelevant to identifying the similarly situated employees for collective action purposes. According to the complaint, the employee designation labels evidence a willful attempt to evade the overtime payment requirements of the applicable state and federal laws.

Plaintiff accepted the job based on the understanding that her typical work week would consist of 40 hours and an annual salary of $45,000. Neff was employed as an account manager. Her job responsibilities primarily consisted of organizing and coordinating the transportation of freight that defendant was contractually obligated to move. Neff did not spend the primary amount of her time managing employees, nor

did she exercise executive or administrative authority consistent with an overtime payment exemption.

Plaintiff was not required to keep hourly time records. Defendant failed to keep accurate time records concerning the work time plaintiff performed for it on a weekly basis. The complaint further alleges that Neff regularly worked hours in excess of 40 hours in a work week. Neff and other similarly situated individuals worked during the 45 minute lunch breaks on a regular basis and never received more than a very short period of full relief during many work days. Employees who tracked their hours for hourly rate payments were not permitted to receive credit and payment for hours worked during lunch breaks.

Plaintiff seeks to represent a class composed of and defined as follows:

> Any and all account supervisors and/or account managers employed by Defendant U.S. Xpress Enterprises, Inc. working from either dedicated client sites or U.S. Xpress Enterprises, Inc. locations from October 20, 2007 to the present and/or any and all employees employed during the relevant time period who held the same job duties as Ms. Neff (i.e., obtaining load information, assigning drivers to transport loads, tracking loads and inputting information into specific operating systems) and were paid as exempt employees under the FLSA.

Doc. 24 at ¶ 40; PageID 136.

  **II.**  **Arguments of the Parties**

    **A.**  **Plaintiff Margaret Joann Neff**

Plaintiff argues that she has satisfied her burden of demonstrating that the class of account employees is similarly situated to justify conditional certification. According

to plaintiff, her burden at this stage of the proceedings is modest, lenient, and typically results in conditional certification. Plaintiff maintains that even where the parties have had the opportunity to conduct some discovery, the standard remains lenient. Plaintiff need only show that her position is similar, not identical, to the positions of the putative class members.

Plaintiff argues that defendant's position that a more rigorous examination into the merits of the collective action is warranted is not supported by controlling legal authority. Plaintiff maintains that she has provided sufficient evidence of a similarly situated class of employees to warrant conditional certification. Plaintiff argues that a review of the job descriptions furnished to the Court reveals that all the positions are classified as exempt and that the positions contain many similar and overlapping job duties.

Plaintiff also argues that she has established a factual nexus connecting her to the putative class through her allegations regarding the commonality of the job duties among the account employees and through the fact that they are classified as exempt. Plaintiff also maintains that she and the putative class members were routinely required to work in excess of forty hours. Plaintiff argues that because her burden at this stage is not great, consideration of the merits is not appropriate. Plaintiff also contends that it is not the appropriate time for consideration of the disparate factual employment details of individual class members. Plaintiff argues that she has shown that defendant has a

common policy or plan of characterizing positions as exempt regardless of their regular job duties.

### B. Defendant U.S. Xpress Enterprises, Inc.

Defendant argues that plaintiff has failed to offer a colorable basis for conditional certification and that she cannot demonstrate that certification is proper. Defendant argues that given that the complete lack of evidentiary support for Neff's claims despite three months of specifically tailored collective action discovery, the Court should not permit plaintiff to proceed under the relaxed standard of proof asserted in her motion. Here, plaintiff waited until after conducting collective discovery to seek opt-in certification, and defendant argues that the Court should conduct a more rigorous examination into the merits of the collective action as a result. Despite the opportunity to develop the record, plaintiff's only support for her motion seeking conditional certification is her own affidavit.

Defendant further argues that even if the Court does not apply the more stringent standard, conditional certification is not automatic under the lenient standard. First, plaintiff must establish that other putative class members are "similarly situated." Factors relevant to this analysis include whether potential plaintiffs have been identified, whether affidavits of potential plaintiffs have been submitted, whether there is evidence of a widespread discriminatory plan, and whether a manageable class exists. Defendants maintain that a collective action should only proceed where it will preserve

judicial economy by facilitating the efficient resolution of multiple claims in one proceeding.

Defendant argues that plaintiff has not established that she is similarly situated to a nationwide class of account managers, assistant account managers and account supervisors. Defendant maintains that only admissible evidence should be considered in support of a Rule 216(b) motion and that an unsupported statement that other employees are improperly classified under the FLSA may not be considered by the Court. Defendant asserts that the job duties and responsibilities, and actual day-to-day tasks, Account Managers, Assistant Account Managers and Account Supervisors vary substantially depending on the requirements of the customer account, the number of drivers, the employee's shift, the preferences, skills, styles of each person employed in the positions, the number of other people at the location employed in one of the three job classifications, geography, customer demands, whether the account is located on customer property or at a separate distribution center, and whether the drivers load and unload the trucks.

Defendant maintains that the FLSA expressly permits employers to classify employees who qualify for one or more statutory exemptions as exempt from its overtime requirements. FLSA exempts employees who are subject to the Motor Carrier Act, 49 U.S.C. § 301, *et seq.*, and employees who meet the criteria for executive, administrative and professional status.

Defendants maintains that plaintiff has failed to offer any evidence that she is similarly situated to others in the proposed class. There is no evidence of a factual nexus binding the named plaintiff and the potential class members as victims of an alleged unlawful policy or practice. Plaintiff contends that she performed duties that were not exempt under the FLSA, and her claim will depend upon whether the record demonstrates that she was employed in a bona fide executive or administrative capacity or whether she is subject to the Motor Carrier Act's exemption to the FLSA's overtime requirements.

Defendant argues that relying on the "mere classification" of account managers, assistant account managers, and account supervisors as exempt without any showing that they are similarly situated to plaintiff is legally insufficient. Defendant maintains that plaintiff has no evidence of common or standardized policies to support her motion for conditional certification. According to defendant, plaintiff simply asserts that she performed non-exempt work, but she has not alleged that the performance of such work somehow meant she was improperly classified as exempt under the FLSA. Plaintiff also fails to identify how the job descriptions for account, assistant account manger, and account supervisor support her allegation that defendant improperly classified employees in violation of the FLSA. Defendant maintains that the job descriptions contain duties and responsibilities that, on their face, are sufficient for establishing at least one of the exemptions to the FLSA overtime requirements.

Defendant further argues that plaintiff's proposed collective action is wholly unmanageable. If the case is certified, plaintiff and each of the potential opt-ins will have to prove his or her own claim through separate mini-trials.

### III. Discussion

Section 216(b) of the Fair Labor Standards Acts establishes a private right of action for employees to collectively sue an employer in order to recover unpaid overtime compensation. *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862 (S.D. Ohio 2005). Section 216(b) states:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

29 U.S.C. § 216(b).

In general, courts have adopted a two-tiered certification approach for deciding whether a suit can proceed as a collection action. First, a court must decide whether notice of the pending action and an opportunity to "opt-in" should be given to the potential class members. At this step, to obtain what is known as, "conditional certification," a plaintiff must demonstrate that she is similarly situated to the employees she seeks to notify of the pending action. After a plaintiff's motion for

conditional certification has been granted, the notice has been sent, and discovery has been completed, a defendant can file a motion for decertification challenging the court's preliminary finding that the other employees are similarly situated.

Although courts have various standards on what a plaintiff must show to obtain conditional certification, most courts apply a fairly lenient standard.

> Many courts have held that "a modest factual showing" is all that is required before a court authorizes notice to be sent to potential plaintiffs. *Olivo* [*v. GMAC Mortg. Corp.*, 374 F. Supp. 2d 545,] 548 [(E.D. Mich. 2004)] ( quoting *Flores v. Lifeway Foods, Inc.*, 289 F. Supp.2d 1042, 1045 (N.D. Ill. 2003)). A few courts, however, have held that this burden may be satisfied based solely on allegations in a complaint. *See Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)(citing cases).

*Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 865 (S.D. Ohio 2005).

In this case, however, plaintiff conducted limited discovery on the issue of conditional certification. Courts have employed several approaches when limited discovery has been conducted. Some courts have simply held that the lenient standard does not apply, and the court proceeds directly to the second stage. *See, e.g., Pfohl v. Framers Ins. Grp.*, 2004 WL 554834 at *1, *3 (C.D. Cal. 2004); *and Basco v. Wal-Mart Stores, Inc.*, 2004 WL 1497790 at *4 (E.D. La. 2004). Other courts have applied an intermediate standard. *See e.g., Holt v. Rite Aid Corp.*, 333 F. Supp.2d 1265, 1274 (M.D. Ala.2004). Plaintiff maintains that even when parties have had the opportunity to conduct some discovery, the standard remains lenient.

I conclude that application of the lenient standard typically employed in the first stage is not appropriate, but neither is the more the stringent standard applicable to the

9

second stage. As a result, I will follow the standard outlined in *Creely v. HCR ManorCare, Inc.*, 789 F. Supp.2d 819 (N.D. Ohio 2011) to determine whether conditional certification is proper:

> [The] Court will consider the evidence submitted by both parties but, because the cases have not yet progressed to stage two and the Court only has an incomplete factual record, it is appropriate to require Plaintiffs to make a modest "plus" factual showing that there is a group of potentially similarly situated plaintiffs that may be discovered by sending opt-in notices.
>
> However, in order to provide some measurable standard by which to judge if Plaintiffs have made a sufficient modest "plus" factual showing, and to prevent the absurd result of granting the parties time to do discovery on the conditional certification question but subsequently imposing no incremental hurdle in determining whether Plaintiffs may send opt-in notices, this Court will compare Plaintiffs' allegations set forth in their Complaint with the factual record assembled through discovery . . . to determine whether Plaintiffs have made sufficient showing beyond their original allegations that would tend to make it more likely that a class of similarly situated employees exists. In other words, the Court will review whether Plaintiffs have advanced the ball down the field—showing that it is more likely that a group of similarly situated individuals may be uncovered by soliciting opt-in plaintiffs. And, because the Court will continue to use a lenient standard, Plaintiffs need not have moved the ball far down the field, but they need to have shown some progress as a result of the discovery as measured against the original allegations and defenses.

*Creely v. HCR ManorCare, Inc.*, 789 F. Supp. 2d 819, 826 -827 (N.D. Ohio 2011).

Here, plaintiff has not met her burden of demonstrating that there is some evidence to support her allegations. In her October 20, 2010 affidavit attached to her first motion to certify a class, plaintiff stated that she and certain other employees were treated as "exempt" under the FLSA although they did not appear to meet the "salary

10

test." Neff also stated that she and other employees frequently had to work over 40 hours per week, and her schedule required her and others to work 48 or more hours per week. *See* doc. 2-1. In her reply to her renewed motion to certify a class, plaintiff attached a December 20, 2011 affidavit.[1] In her December 20, 2011 affidavit, plaintiff stated that her essential job duties were to assign truck drivers to loads and to dispatch the drivers. She stated that approximately twelve other employees performed the same duties for the Kroger account even though they had different job titles. She and these twelve other employees regularly worked twelve hour shifts without a lunch break, and they regularly worked more than forty hours per week. Neff stated "I am aware of other U.S. Xpress, Inc. employees, who performed job functions identical or similar to mine for other dedicated accounts besides Kroger. Those employees were also improperly classified by U.S. Xpress, Inc. as 'exempt' under the Fair Labor Standards Act." Doc. 51-1 at ¶ 8. Plaintiff's affidavits do little more than recite the allegations in the complaint. They contain no facts backing up the asserted legal conclusions.

Plaintiff also has attached numerous job descriptions for the positions of account supervisor, account manager and assistant account manager assigned to various accounts throughout the country. Plaintiff has not, however, provided any factual analysis of these job descriptions to support her legal arguments. She offers no evidence regarding how the job duties are performed, what they entail in practice, how much of

---

[1]This second affidavit should have been submitted with the renewed motion to certify, Southern District of Ohio Local Rule 7.2(d), not in response to defendant's argument that she had failed to offer any additional evidence supporting the motion.

11

the employee's time they require, or the like. Plaintiff simply argues that the job descriptions contain many common duties. The fact that there are similar job duties among these positions is not sufficient to demonstrate that the employees are similarly situated. As defendant argues, the job descriptions also contain duties and responsibilities that could be sufficient for an exemption to the FLSA overtime requirements.  Because the written job descriptions contain some managerial tasks, plaintiff has not presented any evidence to demonstrate that defendant has a policy of characterizing non-exempt positions as exempt.[2] The job descriptions, standing alone, are not evidence of such a policy.

Plaintiff's affidavit, although skeletal, does assert that her essential job duties were to assign truck drivers to load and to dispatch the drivers and that the

---

[2]Under 29 C.F.R. §541.700, to be exempt from the FLSA overtime requirements, the primary duty of the employee must be to perform exempt work. To determine whether an employee's primary duty is exempt, requires an examination of factors such as the (1) the relative importance of the exempt duties as compared with other types of duties; (2) the amount of time spent performing exempt work; (3) the employee's relative freedom from direct supervision; and (4) the relationship between the employer's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee. 29 C.F.R. §541.700(a). The amount of time spent performing exempt work can be useful in determining whether exempt work is the employee's primary duty, but time alone is not sufficient to demonstrate whether a position is exempt or not. 29 C.F.R. §541.700(b). "[F]or example, assistant managers in a retail establishment who perform exempt executive work such as supervising and directing the work of other employees, ordering merchandise, managing the budget and authorizing payment of bills may have management as their primary duty even if the assistant managers spend more than 50 percent of the time performing nonexempt work such as running the cash register. However, if such assistant managers are closely supervised and earn little more than the nonexempt employees, the assistant managers generally would not satisfy the primary duty requirement." 29 C.F.R. §541.700(c)

approximately twelve other drivers assigned to the Kroger account performed identical job functions regardless of their job titles. Her affidavit swears that these facts are based on her personal knowledge. Consequently, plaintiff has offered some additional evidence supporting conditional certification of a collective action on behalf of account managers and account supervisors at the Delaware, Ohio location. But she has offered no evidence that account mangers and account supervisors at other sites performed the same job duties as she did.

### IV. Conclusion

For the reasons stated above, the Magistrate Judge RECOMMENDS that plaintiff's September 16, 2011 renewed motion for conditional class certification (doc. 43) be GRANTED as to the account managers and account supervisors at the Delaware, Ohio site but that it otherwise be DENIED.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373,

380 (6th Cir. 1995). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/Mark R. Abel  
United States Magistrate Judge