UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARGARET J. NEFF,** on behalf
of herself and others similarly situated,

        Plaintiffs,                     Case No. 2:10-cv-948
                                              Judge Smith
                                              Magistrate Judge Abel

    v.

**U.S. XPRESS, INC,**

        **Defendant.**

## OPINION AND ORDER

        This matter is before the Court on Plaintiff Margaret J. Neff's Objections to the Magistrate Judge's March 18, 2013 Report and Recommendation (Doc. 59).  The Magistrate Judge recommended that the Court grant in part and deny in part Plaintiff's September 16, 2011 Renewed Motion for Conditional Class Certification (Doc. 43).  The Objections are fully briefed and ripe for disposition.  For the reasons that follow, the Court **OVERRULES** Defendant's Objections.

**I.**      **Background**

        Defendant provides transportation and logistics services to a wide range of customers throughout the United States and has employed hundreds of individuals in the Account Manager, Assistant Account Manager, and Account Supervisor logistical support roles.  Plaintiff was employed by Defendant from January 26, 2009, until January 28, 2010, as an Account Supervisor assigned to the Kroger account at the Delaware, Ohio, distribution center.

        In October 2010, Plaintiff initiated this action, on behalf of herself and others similarly

situated, against Defendant for its alleged willful failure to compensate its employees with overtime pay in violation of the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.01, *et seq*.  Plaintiff alleges that Defendant unlawfully classified her, and the class she seeks to represent, as exempt from overtime payments under federal and state law.  In conjunction with filing the Complaint, Plaintiff also moved for conditional class certification and expedited discovery. Plaintiff seeks conditional certification of a national class of all Account Managers, Assistant Account Managers, and Account Supervisors.

In September 2011, and after limited discovery, Plaintiff filed her Renewed Motion for Conditional Class Certification.  After additional discovery, the parties attempted to negotiate an agreed class settlement and the Court administratively closed Plaintiff's motion to certify in view of the possibility that the parties would reach an agreement on the issue.  The parties were unable, however, to reach a final agreement as to the class, and they so notified the Court in February 2013.

On March 18, 2013, the Magistrate Judge issued his Report and Recommendation.  The Magistrate Judge found that while Plaintiff offered some evidence supporting conditional certification of a collective action on behalf of Account Managers and Account Supervisors at the Delaware, Ohio site, she offered insufficient evidence supporting conditional certification of a nationwide class of Account Managers and Account Supervisors.  Consequently, the Magistrate Judge recommended granting Plaintiff's Renewed Motion for Conditional Class Certification as to the Account Managers and Account Supervisors at the Delaware, Ohio site, but otherwise denying the motion.  Plaintiff timely filed Objections to the Report and

Recommendation.  The Objections are now ripe for disposition.

**II.     Discussion**

If a party timely objects to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

Plaintiff presents the following objections to the Report and Recommendation:

1. The Report and Recommendation erroneously finds Plaintiff has not met her burden of demonstrating that some evidence exists to support her allegations that a nationwide class of account supervisors, account managers and assistant account managers exists.

2. The Report and Recommendation erroneously suggests that Plaintiff was obligated to provide factual analysis of the relevant job descriptions, how the job duties are performed, what they entail in practice and how much of the employee's time they require.

3. The Report and Recommendation erroneously finds that evidence of similar job duties among the relevant job titles is not sufficient to demonstrate that the employees are similarly situated.

4. The Report and Recommendation erroneously finds that Plaintiff has not presented any evidence to demonstrate that defendant has a policy of characterizing non-exempt positions as exempt.

5. The Report and Recommendation erroneously finds that Plaintiff has offered no evidence that account managers and account supervisors at sites other than the Delaware, Ohio site performed the same job duties as she did.

6. The Magistrate erred by recommending that conditional class certification be granted with respect to only account managers and account supervisors at the Delaware, Ohio site and not on a nationwide basis.

In view of Plaintiff's Objections, the general issue before the Court is whether the

Magistrate Judge correctly determined that Plaintiff failed to meet the applicable evidentiary burden in support of her allegation that a nationwide class of Account Supervisors, Account Managers, and Assistant Account Managers exists.

Plaintiffs seeking to file a collective action under the Fair Labor Standards Act must demonstrate that they are "similarly situated." 29 U.S.C. § 216(b); *see Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006) (analyzing the certification process under Section 216(b)). Unlike the "opt out" procedures governing some class actions, as set forth in Federal Rule of Civil Procedure 23, the Fair Labor Standards Act contains an "opt in" procedure. In this regard, § 216(b) provides that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."

Courts have discretion to certify a class conditionally for purposes of serving notice, but only "in appropriate cases." *Hoffman–La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989). Class certification in Fair Labor Standards Act collective actions typically occurs in two stages: conditional and final certification. *See Comer*; *White v. MPW Indus. Servs., Inc.*, 236 F.R.D. 363, 366 (E.D. Tenn. 2006) (citing cases). Before subjecting an employer to the burdens of a collective action, "plaintiffs must establish a colorable basis for their claim that a class of 'similarly situated' plaintiffs exists." *Harrison v. McDonald's Corp.*, F. Supp.2d 862, 868 (S.D. Ohio 2005) (Holschuh, J.) (quoting *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 267 (D. Minn. 1991)). Therefore, as part of the first step in the certification process, a plaintiff must present a "modest factual showing" that the plaintiff's position is similar to that of other employees. *Comer*, 454 F.3d at 546-47; *see Pacheco v. Boar's Head Provisions Co., Inc.*, 671 F.

Supp.2d 957, 959 (W.D. Mich. 2009) (noting that courts require plaintiffs to show that there is "a reasonable basis for their claim of class-wide discrimination," which may be based solely on the pleadings and any filed affidavits). The standard at the notice stage is "fairly lenient . . . and typically results in 'conditional certification' of a representative class[.]'" *Id.* at 547 (quoting *Morisky v. Public Serv. Elec. & Gas Co.*, 111 F. Supp.2d 493, 497 (D. N.J. 2000)). The court does not resolve factual disputes or make credibility determinations at the conditional certification stage. *Beetler v. Trans–Foam, Inc.*, No. 5:11CV132, 2011 WL 6130805, at *3 (N.D. Ohio Dec. 8, 2011).

During the second stage of the certification process, the court makes a final determination on whether class members are similarly situated based upon a thorough review of the record after discovery is completed. *Schwab v. Bernard*, No. 5:11-cv-1216, 2012 WL 1067074 (N.D. Ohio March 28, 2012). This final certification decision is normally based on a variety of factors, including "factual and employment settings of the individual[ ] plaintiffs, the different defenses to which the plaintiffs may be subject on an individual basis, [and] the degree of fairness and procedural impact of certifying the action as a collective action." *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009) (citing 7B Wright, Miller, & Kane, supra, § 1807 n. 65 at 497, and *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 953 (11th Cir. 2007)).

When "the parties have been permitted to conduct some limited discovery to determine whether a class of similarly situated plaintiffs may exist . . . courts have had a difficult time elucidating an intermediate, or hybrid, standard that falls between the lenient first-stage and the strict second-stage review." *Creely v. HCR ManorCare, Inc.*, 789 F. Supp.2d 819, 824 (N.D. Ohio 2011). Under the "hybrid" or "intermediate" approach, which is essentially a heightened

standard for conditional certification, when some discovery on the certification issue has occurred, the plaintiff should be required to make a "modest 'plus' factual showing" that there is a group of potentially similarly situated plaintiffs.  *Id.* at 827.  That is, when plaintiffs have had the opportunity to conduct at least limited discovery on the certification issue, the plaintiffs are required to make a "showing beyond their original allegations."  *Id.*  Precisely where the "hybrid" approach lands on the spectrum between the lenient approach of the first stage, and the more stringent approach of the second stage, is not settled and by its very nature does not lend itself to a clear rule applicable in all cases.  Nonetheless, when some, but not all, discovery has been undertaken relating to the issue of class certification, a heightened, but not stringent, standard must be applied.  *See Creely* (applying the intermediate approach).  Under this approach, the plaintiff must "have advanced the ball down the field – showing that it is more likely that a group of similarly situated individuals may be uncovered by soliciting opt-in plaintiffs."  *Id.* at 827.

The Sixth Circuit has stated that "plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs."  *O'Brien*, 575 F.3d at 585.  At the same time, however, the Sixth Circuit has observed that even when proof of a violation as to one particular plaintiff does not prove that the defendant violated any other plaintiff's rights under the Fair Labor Standards Act, the plaintiffs may nevertheless be similarly situated when their claims are "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct."  *Id.*

While a court does not address or reach the merits of a misclassification claim at the

6

conditional notice stage, facts relevant to exempt status are probative to the issue of whether employees are similarly situated.  The Southern District of Ohio recently resolved that a company's own job descriptions are relevant in considering, at the conditional certification stage, whether a potential putative class is similarly situated.  *See Wade v. Werner Trucking Co.*, No. 2:10-cv-270, 2012 WL 5378311, *4 (S.D. Ohio Oct. 31, 2012) (Sargus, J.).  In the final analysis, however, when a court determines whether an employee is exempt from the Fair Labor Standards Act, it must focus on "the actual day-to-day activities of the employee rather than more general job descriptions contained in resumes, position descriptions, and performance evaluations."  *Schaefer v. Indiana Michigan Power Co.*, 358 F.3d 394, 400 (6th Cir. 2004).  Thus, evidence concerning the day-to-day activities of employees is central to assessing whether a potential putative class is similarly situated.

Because the parties in this matter were provided the opportunity to conduct discovery on the issue of class certification, the Magistrate Judge correctly determined that the Court should apply an intermediate approach to Plaintiff's request for conditional certification.  The Court agrees with the Magistrate Judge's decision to follow the reasoning applied in *Creely*.  Thus, the issue becomes whether the Magistrate Judge properly applied the standard articulated in *Creely*.

In applying the "modest 'plus' factual showing" standard, the Magistrate Judge concluded that Plaintiff failed to meet her burden of demonstrating that there is some evidence to support her allegations.  Plaintiff argues that this conclusion was erroneous.  The Court disagrees.  A review of the evidence submitted by Plaintiff, in support of her request for conditional certification, reveals that it does not meet the applicable standard.  In support of her allegations, Plaintiff submitted her own affidavits, dated September 30, 2010, and December 20,

7

2011, and job descriptions for the positions of Account Supervisor, Account Manager, and Assistant Account Manager assigned to various accounts throughout the United States.

In her September 30, 2010 affidavit, Plaintiff stated in part that she and certain other employees were treated as "exempt" under the Fair Labor Standards Act even though they did not appear to meet the "salary test." (Doc. 2-1). She also stated that she and the other employees frequently worked more than forty hours per week, but were not paid time and a half for the hours worked over forty hours. *See id.* In her December 20, 2011 affidavit, Plaintiff stated that her essential job duties while working for Defendant were assigning truck drivers to loads and dispatching the drivers. She stated that there were approximately twelve other employees assigned to Defendant's dedicated Kroger account, and that these employees performed identical job functions as her despite the fact that they may have had different job titles than her. She further stated that she and the other employees regularly worked twelve hour shifts with no lunch break, and that they regularly worked more than forty hours per week. Lastly, Plaintiff stated: "I am aware of other U.S. Xpress, Inc. employees, who performed job functions identical or similar to mine for other dedicated accounts besides Kroger. Those employees were also misclassified by U.S. Xpress, Inc. as 'exempt' under the Fair Labor Standards Act." (Doc. 51-1).

Plaintiff argues that the Magistrate Judge scrutinized the merits of her claim, which is inappropriate for the purpose of conditional certification. To the contrary, the Magistrate Judge did not address the issue of whether Plaintiff and other individuals she seeks to represent were actually exempt from the Fair Labor Standards Act's overtime requirements. The Magistrate Judge essentially observed that the job descriptions, which contain some managerial tasks, do

8

not, in and of themselves, indicate a policy of characterizing non-exempt positions as exempt. Despite an opportunity for discovery regarding certification, Plaintiff has not submitted evidence of the day-to-day characteristics of the job duties in operation.

Plaintiff's affidavits are not sufficient because they do not "advance the ball" beyond the group of employees at the Delaware, Ohio location dedicated to the Kroger account. As noted by the Magistrate Judge, Plaintiff's affidavit sets forth her essential job duties and her personal knowledge of the approximately twelve other employees assigned to the Kroger account, who, according to her, performed identical job functions regardless of their job titles. In view of this evidence, Plaintiff has supported her request for conditional certification of a collective action on behalf of Account Managers and Account Supervisors at the Delaware, Ohio location.

Beyond making conclusory assertions, however, Plaintiff's affidavit does not provide factual development of her allegation that employees assigned to accounts other than Kroger were similarly situated to her. Plaintiff states that she is "aware" of other employees of Defendant assigned to accounts other than Kroger who performed job functions identical or similar to her but were also improperly classified as exempt. But Plaintiff does not indicate the basis of this "awareness." For example, Plaintiff does not attest that this awareness is based on personal knowledge instead of simply what she deduces based on a review of the documents she has submitted, which set forth the job descriptions of the positions of Account Supervisor, Account Manager, and Assistant Account Manager assigned to various accounts throughout the country. Simply stated, Plaintiff's affidavits do not demonstrate her personal knowledge of the specific day-to-day duties of employees assigned to different accounts.

Like Plaintiff's affidavits, the documents setting forth the job descriptions of positions

with Defendant located throughout the United States do not constitute evidence that Plaintiff is similarly situated to a nationwide class of Defendant's employees. Plaintiff maintains that the job descriptions indicate that Defendant's Account Supervisors and Account Managers generally have common duties. This may be true, but the job descriptions also contain duties and responsibilities potentially supporting exempt status, as these written job descriptions contain some managerial tasks. Thus, the job descriptions do not, in and of themselves, demonstrate a policy of characterizing non-exempt positions as exempt. Furthermore, Plaintiff has not presented evidence factually developing the characteristics of these jobs in operation so as to support her contention that others were similarly situated.

In response to Plaintiff's discovery request for job descriptions of Account Supervisors and Account Managers employed by Defendant, Defendant provided the job descriptions as requested but explained that the "written job descriptions, while applicable, do not fully cover the job duties and responsibilities of the Account Supervisor and Account Manager job positions, given the actual day-to-day tasks vary based upon several factors including, among others, the requirements of the dedicated account, the number of drivers . . . the preferences/skills/styles of each individual employed in the positions . . . customer demands, [and] location of the account[.]" (Doc. 43-1, Def.'s Answer to Interrog. No. 3). Despite receiving notice of Defendant's position that the actual duties and tasks of Account Supervisors and Account Managers vary from account to account, there is no indication that Plaintiff sought to take any depositions of persons holding these positions, as a means to factually develop such issues as how the job duties are actually performed, what they entail in practice, or how much of the employee's time they require. Thus, Plaintiff has failed to present probative evidence showing

the actual day-to-day activities of the nationwide class she seeks to represent.

Plaintiff's evidentiary submission may have been sufficient had no discovery taken place, or if only Defendant had the opportunity for discovery regarding certification, but it is not sufficient under the modest plus factual showing standard, which is applicable here because the parties engaged in a period of discovery for the purpose of conditional class certification. Plaintiff fails to show the type of progress that is mandated under the standard articulated in *Creely*. That is, while Plaintiff may have made a modest showing that she is similarly situated to the proposed class of employees, she fails to make the elevated factual showing necessitated by the parties having already engaged in conditional class certification discovery.

Finally, the Court notes that in support of Plaintiff's Objections to the Magistrate Judge's Report and Recommendation, she states that the Magistrate Judge "appears to have excluded assistant account managers from conditional certification of the narrow class of Delaware, Ohio employees without any explanation." (Doc. 60 at 3). Plaintiff does not develop any argument to challenge this omission. It is undisputed that Plaintiff was employed as an Account Supervisor assigned to Defendant's dedicated Kroger account at the Delaware, Ohio distribution center. Plaintiff's December 12, 2011 affidavit states that there were approximately twelve other employees assigned to Defendant's dedicated Kroger account, and that those employees "performed identical job functions to mine despite the fact they may have had job titles different from mine." (Neff Dec. 12, 2011 Affidavit, ¶ 4). Implicit in her affidavit is the assertion that there were others with different job titles, but "identical" job functions. The different job title that she refers to logically would be Account Manager. However, her reference to persons with different job titles would not necessarily be a reference to Assistant Account Managers, as an

11

Assistant Account Manager would necessarily assist the Account Manager, and therefore not perform the identical job functions.  Therefore, the Magistrate Judge's reference to only Account Managers and Account Supervisors at the Delaware, Ohio location was reasonable and consistent with the evidence of record.

In sum, the Court has reviewed the Report and Recommendation and Plaintiff's Objections in accordance with 28 U.S.C. § 636(b)(1) and Rule 72(b) and finds Plaintiff's Objections to be without merit.

### III. Conclusion

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Doc. 60).  The Report and Recommendation (Doc. 59) is therefore **ADOPTED** and **AFFIRMED**.  Accordingly, Plaintiff's Renewed Motion for Conditional Class Certification is **GRANTED** as to the Account Managers and Account Supervisors at the Delaware, Ohio site, but it is otherwise **DENIED**.

**IT IS SO ORDERED.**

 *s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**