UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARGARET J. NEFF, on behalf
of herself and others similarly situated,

       Plaintiffs,                          Case No. 2:10-cv-948
                                                          Judge Smith
                                                          Magistrate Judge Abel

     v.

U.S. XPRESS, INC,

       Defendant.

## OPINION AND ORDER

This matter is before the Court on Plaintiff Margaret J. Neff's Motion for Certification for Appeal under 28 U.S.C. § 1292(b) of the Court's Opinion and Order Partially Denying Plaintiff's Renewed Motion for Conditional Class Certification (Doc. 64).  The Motion is fully briefed and ripe for disposition.  For the reasons that follow, the Court **DENIES** Plaintiff's Motion.

**I.**       **Background[1]**

Defendant provides transportation and logistics services to a wide range of customers throughout the United States and has employed hundreds of individuals in the Account Manager, Assistant Account Manager, and Account Supervisor logistical support roles.  In October 2010, Plaintiff, who was employed as an Account Supervisor for Defendant for most of 2009 and part of 2010, initiated this action, on behalf of herself and others similarly situated, against Defendant

---

[1] The procedural and factual background of this case has been more thoroughly set forth in prior decisions of the Court (*see* Docs. 59 and 63).  That more detailed discussion of the background is incorporated by reference herein and is summarized, restated, and supplemented as necessary to resolve the pending motion for certification of interlocutory appeal.

for its alleged willful failure to compensate its employees with overtime pay in violation of the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.01, *et seq.*

In September 2011, and after limited discovery, Plaintiff filed a Renewed Motion for Conditional Class Certification, seeking conditional certification of a national class of all of Defendant's Account Managers, Assistant Account Managers, and Account Supervisors. In March 2013, the Magistrate Judge issued his Report and Recommendation, wherein he resolved that while Plaintiff offered some evidence supporting conditional certification of a collective action on behalf of Account Managers and Account Supervisors at the Delaware, Ohio site, she offered insufficient evidence supporting conditional certification of a nationwide class of Account Managers and Account Supervisors. Consequently, the Magistrate Judge recommended granting Plaintiff's Renewed Motion for Conditional Class Certification as to the Account Managers and Account Supervisors at the Delaware, Ohio site, but otherwise denying the motion. Plaintiff timely filed Objections to the Report and Recommendation.

On August 20, 2013, this Court issued an Opinion and Order overruling Plaintiff's Objections to the Magistrate Judge's Report and Recommendation. Therein, the Court found that the Magistrate Judge properly applied the "modest 'plus' factual showing" standard set forth in *Creely v. HCR ManorCare, Inc.*, 789 F. Supp.2d 819, in determining whether to grant Plaintiff's request for conditional certification of a national class of all Account Managers, Assistant Account Managers, and Account Supervisors under Section 216(b) of the Fair Labor Standards Act. Consequently, the Court granted Plaintiff's request for conditional certification of a class of Account Managers and Account Supervisors at Defendant's Delaware, Ohio facility,

but otherwise denied the request as it related to a purported national class.

On September 13, 2013, Plaintiff filed her Motion for Certification for Appeal Under 28 U.S.C. § 1292(b), and submits the following issue for certification: "If parties have engaged in some discovery prior to seeking conditional certification, what amount, quality or type of evidence is necessary to satisfy the intermediate or 'modest plus' factual showing that a group of similarly situated plaintiffs exists for purposes of conditionally certifying an FLSA collective action."  Plaintiff's request is fully briefed and ripe for disposition.

## II.     Certification of Interlocutory Appeal Standard

Under 28 U.S.C. § 1292(b):

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Thus, in determining whether to certify a matter for interlocutory appeal, the Court must decide whether "(1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).  "Review under § 1292(b) is granted sparingly and only in exceptional cases."  *W. Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis (In re City of Memphis)*, 293 F.3d 345, 350 (6th Cir. 2002).  "The burden of showing exception[al] circumstances justifying an interlocutory appeal rests with the party seeking review."  *Trimble v. Bobby*, No. 5:10–CV–00149, 2011 WL 1982919, at *1 (N.D. Ohio May 20, 2011).

"A legal issue is controlling if it could materially affect the outcome of the case." *In re City of Memphis*, 293 F.3d at 350. "A legal question of the type envisioned in § 1292(b), however, generally does not include matters within the discretion of the trial court." *Id.* "Interlocutory appeals are intended for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." *Sanderson Farms, Inc. v. Gasbarro*, No. 2:07–CV–00857, 2007 WL 3402539, at *3 (S.D. Ohio Nov. 13, 2007) (Smith, J.); *see also U.S. ex rel. Elliott v. Brickman Group Ltd., LLC*, 845 F.Supp.2d 858, 864 (S.D. Ohio 2012) (Barrett, J.) (noting that "§ 1292(b) is not appropriate for securing early resolution of disputes concerning whether the trial court properly applied the law to the facts."). Thus, an appeal presenting a mixed question of law and fact does not meet this standard. *Sanderson Farms, Inc.*, at *3.

Regarding the second requirement under § 1292(b), a substantial ground for difference of opinion exists only when: (1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question. *Eagan v. CSX Transp., Inc.*, 294 F. Supp.2d 911, 916 (E.D. Mich. 2003) (citations omitted); *but see Waldon v. Cincinnati Public Schools*, No. 1:12-CV-00677, 2013 WL 1755664, at *7 (S.D. Ohio Apr. 24, 2013) (Spiegel, J.) (finding that mere fact that attempted appeal presented issue of first impression does not constitute grounds for interlocutory appeal).

As to the third requirement under § 1292(b), an interlocutory appeal is favored where reversal would substantially alter the course of the district court proceedings or relieve the

parties of significant burdens and expense. *W. Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis*, 138 F. Supp.2d 1015, 1026 (W.D. Tenn. 2000).

**III.  Discussion**

Plaintiff asserts that she has satisfied the criteria established by § 1292(b). She argues that she has shown that there is a controlling question of law, that there are substantial grounds for difference of opinion, and that an immediate appeal may materially advance the ultimate termination of this litigation. Defendant argues that interlocutory appeals are not available for the review of conditional Fair Labor Standards Act certification decisions, and that Plaintiff fails to satisfy the requirements of § 1292(b). Because Plaintiff's motion does not involve a controlling question of law, she cannot satisfy all three requirements of § 1292(b), and the motion is therefore without merit.

As noted above, matters falling within the district court's discretion are not "controlling" questions of law. *See In re City of Memphis*, 293 F.3d at 351 ("[B]ecause class certification orders are discretionary, such orders do not usually involve a controlling question of law"). Also, the Sixth Circuit has held that an order conditionally certifying an Fair Labor Standards Act collective action is inappropriate for interlocutory review. *Comer v. Wal–Mart Stores, Inc.*, 454 F.3d 544, 549 (6th Cir. 2006) ("We adopt the approach of the Fifth Circuit. We hold that a conditional order approving notice to prospective co-plaintiffs in a suit under § 216(b) is not appealable."). And at least one court, albeit not in the Sixth Circuit, has specifically found that an order denying conditional certification does not involve a controlling question of law. *See O'Donnell v. Robert Half Intern., Inc.*, 534 F. Supp.2d 173, 181 (D. Mass. 2008) ("Appeal of a denial for conditional certification will not materially advance the resolution of the litigation nor

5

does the order denying conditional certification involve a controlling question of law.").

Plaintiff contends that the holding in *Comer* does not apply here because that case involved the defendant appealing the court's decision granting conditional certification, and she seeks to challenge the Court's decision insofar as her request for nationwide conditional certification was denied. Plaintiff argues that this distinction is significant because while a court can revisit a conditional certification upon a motion to decertify the class, the denial of the conditional certification may result in irreparable consequences if not immediately appealed, namely the expiration of potential opt-in plaintiffs' claims as time passes. Essentially, Plaintiff argues that the denial of her nationwide conditional class certification claims request must be reviewed immediately because of the risk that the claims of potential opt-in plaintiffs will be extinguished if an interlocutory appeal is not taken at this time.

Plaintiff's arguments concerning the interests of potential plaintiffs do not address the issue of whether her request presents an issue that is controlling. Plaintiff seeks to challenge, via an interlocutory appeal, the Court's conditional certification ruling. A fundamental fallacy in Plaintiff's request is that the proposed interlocutory appeal does not present a pure issue of law. In form, Plaintiff's proposed issue to certify is a legal issue, but in substance Plaintiff seeks a determination that the Court's order was issued in error, and constituted an abuse of discretion, considering the evidence that has been submitted. As noted by Plaintiff, she seeks "appellate court review[] [of] whether the trial court's limited conditional certification was proper under the given circumstances." (Doc. 66 at 4). To determine whether this Court abused its discretion as it relates to the scope of the conditional certification, the Sixth Circuit would need to delve into the facts of this case. Thus, the issue Plaintiff seeks to certify does not present a pure question of

6

law.

Furthermore, current or former employees of Defendant, who are not within the scope of the conditional certification, but believe they have a claim against Defendant (identified by Plaintiff as "potential plaintiffs"), still may file suit during the pendency of the case at bar. Under the Fair Labor Standards Act, employees can sue on their own behalf and on behalf of "similarly situated" persons.  29 U.S.C. § 216(b).  Therefore, those employees of Defendant are not precluded, based on the conditional certification ruling of this Court in this case, from filing their own claims against Defendant, whether individually, or on behalf of themselves and others similarly situated.  Also, Plaintiff may move to expand the scope of the conditionally certified class if discovery so mandates.  *See Wade v. Werner Trucking Co.*, Case No. 2:10-cv-270, 2012 WL 5378311, *4 (S.D. Ohio Oct. 31, 2012) (granting in part the plaintiff's request to extend notice after further discovery was conducted).  Obviously, this circumstance could create the possibility of parallel Fair Labor Standards Act actions involving Defendant and its employees. But even in that scenario, appropriate steps could be taken to consolidate actions involving the same issues.  Thus, contrary to Plaintiff's position, potential plaintiffs will not lose their claims simply because the Court's conditional certification ruling is not immediately reviewed by the Sixth Circuit.

Therefore, the Court concludes that its order granting in part and denying in part Plaintiff's request for conditional certification does not involve a controlling issue of law, as required for immediate appeal under § 1292(b).  Consequently, it is unnecessary to directly address the second and third requirements of § 1292(b).

**IV.     Conclusion**

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Certification for Appeal under 28 U.S.C. § 1292 of the Court's Opinion and Order Partially Denying Plaintiff's Renewed Motion for Conditional Class Certification (Doc. 64).

The Clerk shall remove Document 64 from the Court's pending motions list.

**IT IS SO ORDERED.**

 *s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**